**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS ENRIQUE RODRIGUEZ CASTILLO, *et al.*, Plaintiffs,<br>v.<br>GAONAS CONCRETE CONSTRUCTION, INC., *et al.*, Defendants. | No. 25-cv-18954<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant Limber Vasquez's ("Vasquez") motion to dismiss Plaintiffs Luis Enrique Rodriguez Castillo, Alex Cesa Riquelme Chavarria, and Guillermo Campos's ("Plaintiffs") complaint under Rule 12(b)(1) and Rule 12(b)(6). ECF No. 7; ECF No. 8 ("Moving Br."); *see* ECF No. 1 ("Compl."). Plaintiffs opposed the motion. ECF No. 13 ("Opp'n Br."). The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will grant the motion.

Through their putative collective action complaint, Plaintiffs allege that defendants Gaonas Concrete Construction, Inc. ("Gaonas"); Two Brothers Concrete Inc. ("Two Brothers"); Leandro Gaonas Rodriguez Alves; Leo Ferreyra; and Vasquez (collectively, "Defendants") failed to properly compensate them for work, including overtime work, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, *et seq.*; and the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq.* *See* ("Compl.") ¶¶ 98–132. Specifically, Plaintiffs—all former employees of Gaonas and Two Brothers—allege that Defendants failed to pay them (1) time and a half for all hours worked in excess of 40 hours per week and (2) minimum wages. *Id.* ¶¶ 8–10, 98–132.

Relevant here, Plaintiffs allege that Vasquez was a "supervisor at Gaonas" and "Two Brothers" while Plaintiffs worked for the two companies. *Id.* ¶ 44. Vasquez now moves to dismiss all claims against him for failure to state a claim under Rule 12(b)(6) and alternatively asks the Court to decline supplemental jurisdiction over Plaintiffs' NJWHL and NJWPL claims. ECF No. 7; Moving Br. at 3–9.

A motion under Rule 12(b)(6) seeks dismissal for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a pleading must generally "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To do so, the pleading must state a plausible claim, meaning it must contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The Court conducts a three-step analysis when considering a Rule 12(b)(6) motion. First, the Court must "take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation modified) (quoting *Iqbal*, 556 U.S. at 675). Second, the Court disregards formulaic recitations of a claim's elements, legal conclusions, and allegations that are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual[.]" *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022) (citation omitted). Third, the Court assumes the truth of the complaint's "remaining allegations," construes "them in the light most favorable to the plaintiff," draws "all reasonable inferences in the plaintiff's favor," and then determines whether the plaintiff has stated a plausible claim for relief. *Id.* at 328.

The Court will dismiss Plaintiffs' FLSA claims against Vasquez because Plaintiffs have not alleged sufficient facts to establish Vasquez's liability. "A threshold question in FLSA cases 'is whether the plaintiff has alleged an actionable employer-employee relationship.'" *Xiao v. Sichuan Gourmet LLC*, No. 21-482, 2022 WL 819096, at *2 (W.D. Pa. Mar. 18, 2022) (quoting *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014)). In other words, an FLSA plaintiff must plausibly allege that the defendant was his or her employer under the statute. *See Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 563 (E.D. Pa. 2011).

In determining whether a defendant like Vasquez (*i.e.*, a supervisor) is an "employer" under the FLSA, the Third Circuit has directed courts to use the *Enterprise* test, which consists of the following non-exhaustive factors:

> (1) [defendant's] authority to hire and fire the relevant employees; (2) [defendant's] authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) [defendant's] involvement in day-to-day employee supervision, including employee discipline; and (4) [defendant's] actual control of employee records, such as payroll, insurance, or taxes.

*Thompson*, 748 F.3d at 149 (quoting *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012)). "[A]n individual supervisor has adequate authority over the complaining employee when the supervisor independently exercises control over the work situation." *Id.* at 153 (citation modified).

Here, Plaintiffs' allegations related to Vasquez's status as a joint employer primarily consist of "formulaic recitations of [legal] elements; legal conclusions; and speculative, threadbare, or conclusory factual allegations." *AGF Mfg., Inc. v. Core & Main LP*, No. 25-1275, 2026 WL 252439, at *3 (D.N.J. Jan. 30, 2026). For instance, Plaintiffs state that Vasquez "had the authority to hire, fire, or affect the terms and conditions of Plaintiffs' employment." Compl. ¶ 45; *see Thompson*, 748 F.3d at 149 ("(1) [T]he [defendant's] authority to hire and fire the

relevant employees.”). Similarly, Plaintiffs state that Vasquez “ha[d] power and authority over all the final personnel decisions” and “all final payroll decisions” of “Gaonas” and “Two Brothers.” Compl. ¶¶ 47–48; *see Thompson*, 748 F.3d at 149 (“(2) [T]he [defendant’s] authority to promulgate work rules and assignments and to set the employees’ conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; . . . and (4) the [defendant’s] actual control of employee records, such as payroll, insurance, or taxes.” (citation modified)).

However, the complaint is devoid of any further factual bases to support these generalized allegations of Vasquez’s authority. At most, Plaintiffs allege that they “perform[ed] . . . miscellaneous duties at the instructions of the individual defendant.” Compl. ¶¶ 63, 75, 87. But they fail to identify which of the three individual Defendants instructed them to undertake these duties. In short, Plaintiffs have failed to plead any “*specific* facts to show that [Vasquez] exercised control over Plaintiff[s’] work situation or daily activities.” *Urdaneta v. Manchego Tapas Bar & Restaurant-UC LLC*, No. 26-03722, 2026 WL 3205972, at *5 (D.N.J. Oct. 26, 2026); *see also, e.g.*, *Thompson*, 748 F.3d at 154 (allegations deemed sufficient where plaintiff asserted individual defendants were consulted on work or personnel issues and that one defendant told plaintiff he did not pay overtime to those in her position); *Elmer v. Kohli*, No. 22-02303, 2025 WL 99595, at *7 (D.N.J. Jan. 14, 2025) (dismissing claims against individual defendant where there were no facts to “suggest that [he] had any particular control over plaintiff”); *Xiao*, 2022 WL 819096, at *6 (holding that a “bald statement regarding supervisory power” of individual defendants was “conclusory and not sufficiently connected to this particular Plaintiff”). After setting aside Plaintiffs’ formulaic recitations, there are insufficient allegations

in the complaint to support Plaintiffs' contention that Vasquez was their employer under the FLSA. Therefore, the Court will dismiss Plaintiffs' FLSA claims against Vasquez.

Given that the Court has dismissed the federal claims against Vasquez and Plaintiffs have not invoked diversity jurisdiction, *see* Compl. ¶¶ 4–5, the only way the Court can retain the remaining state law claims against Vasquez is if it exercises supplemental jurisdiction. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). "[I]t is well-established that a federal court normally will not exercise supplemental jurisdiction over state law claims after it has dismissed the claims upon which federal jurisdiction was premised." *Chew v. New Jersey*, No. 23-22676, 2026 WL 2797374, at *5 (D.N.J. Sept. 18, 2026) (citation modified). Because Plaintiffs failed to state an FLSA claim against Vasquez, the Court declines to exercise supplemental jurisdiction over the state law NJWHL and NJWPL claims against Vasquez and will dismiss them without prejudice. *See, e.g.*, *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009); *Dixon v. Kerr*, No. 25-14610, 2026 WL 2199227, at *2 (D.N.J. July 30, 2026); *Ozturk v. Amsher Collection Servs., Inc.*, No. 21-18317, 2023 WL 8271808, at *5 (D.N.J. Nov. 30, 2023).

Accordingly, **IT IS** on this 24th day of November 2026;

**ORDERED** that Vasquez's motion to dismiss (ECF No. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' claims against Vasquez in the complaint (ECF No. 1) are **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiffs shall have thirty (30) days from entry of this Opinion and Order to file an amended complaint that addresses the deficiencies identified in this Opinion and

Order. Insofar as Plaintiffs submit an amended complaint, they shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15.1(b)(2).

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**